10-4959-cv
William M. Lazore v. Michael Astrue

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of October, two thousand eleven.

PRESENT:
        AMALYA L. KEARSE,
        PIERRE N. LEVAL,
        DENNY CHIN,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -x

WILLIAM M. LAZORE,
      <u>Plaintiff-Appellant</u>,

      -v.-                         10-4959-cv

MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY,
      <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      JAYA A. SHURTLIFF, Olinsky & Shurtliff, Syracuse, New York.

FOR DEFENDANT-APPELLEE:      CHRISTOPHER JOHN BRACKETT, Special Assistant United States Attorney (Kevin James, Office of General Counsel, <u>on the brief</u>), Social Security Administration, New York, New York.

Appeal from the United States District Court for the Northern District of New York (Sharpe, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Plaintiff-appellant William M. Lazore appeals from the district court's September 30, 2010 judgment affirming the decision of the Commissioner of Social Security (the "Commissioner") denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments and dismissing the complaint. The district court issued a memorandum decision and order on September 30, 2010, granting the Commissioner's motion for judgment on the pleadings. We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

On April 27, 2001 and May 10, 2001, respectively, Lazore applied for DIB and SSI payments, alleging an onset of disability on January 9, 1999. The Commissioner denied the applications on July 31, 2001. Lazore applied for a hearing before an administrative law judge ("ALJ"). On October 29, 2002, ALJ Joseph Medicis, Jr. denied Lazore's claims, and on February 27, 2007, the Appeals Council denied Lazore's request for review of the ALJ's decision. Lazore then commenced the action below.

We review a decision affirming the Commissioner's denial of an application for DIB and SSI payments de novo. Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010). "[W]e review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."

-2-

Id. (internal quotation marks omitted).  Substantial evidence includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  If supported by substantial evidence, the findings of the Commissioner as to any fact shall be conclusive.  42 U.S.C. § 405(g).  After reviewing the record, we conclude, for substantially the reasons set forth by the district court, that Lazore is not entitled to DIB and SSI payments under the Social Security Act ("Act").

> The Act recognizes an individual as disabled only if:
>
> > his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); see 20 C.F.R. § 404.1505(a).  The Commissioner has established a five-step sequential evaluation process to determine if an individual is disabled.  20 C.F.R. § 404.1520(a)(4).  First, the Commissioner considers whether the individual is presently working or engaged in substantial gainful activity; if so, the individual is deemed not disabled and the inquiry ends.  20 C.F.R. § 404.1520(a)(4)(i).  Second, the Commissioner considers whether the individual has severe medically determinable impairments that meet the duration requirements set out by 20 C.F.R. § 404.1509; if not, the individual is deemed not disabled and the inquiry ends.  20 C.F.R. § 404.1520(a)(4)(ii).

-3-

Third, the Commissioner considers whether the medical severity of the individual's impairments meets or equals a listed impairment under Appendix 1 of 20 C.F.R. § 404.1520. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, if the individual's impairments do not meet or equal a listed impairment, the Commissioner must assess the individual's residual functional capacity and ability to do past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Fifth, if the individual is unable to engage in past relevant work, the Commissioner will assess his ability to adjust to do other work, in light of his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v).

Here, the ALJ found that Lazore's impairments satisfied steps one and two of the five-step inquiry. At step three, the ALJ found that Lazore's impairments did not meet or equal those in Appendix 1, and thus proceeded to assess his residual functional capacity. While finding, at step four, that Lazore lacked the residual functional capacity to engage in his previous occupation, the ALJ concluded, at step five, that Lazore retained sufficient residual functional capacity to engage in other unskilled, light work. This decision, as the district court found, was supported by substantial evidence.

Step five of the disability claim evaluation assesses the individual's "residual functional capacity" in light of his age, education, and work experience to determine if he can pursue new or other work. 20 C.F.R. § 404.1520(a)(4)(iv). The regulations define residual functional capacity as "the most you

can still do despite your limitations," where physical abilities, mental abilities, other abilities affected by impairments, and total limiting effects of all impairments are considered. 20 C.F.R. § 416.945.

Generally, where opinions regarding an individual's impairments differ, an opinion that is not consistent with the record as a whole will be afforded less weight. 20 C.F.R. § 404.1527(d)(4). Additionally, "[w]hile the opinions of a treating physician deserve special respect . . . they need not be given controlling weight where they are contradicted by other substantial evidence in the record." Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).

Medical examinations by nearly a dozen physicians and health care professionals from February 27, 1999 forward offer substantial evidence to support the Commissioner's conclusion that Lazore possessed the residual functional capacity to work. For example, several different doctors found that Lazore could lift, carry, push and pull, stand, walk, and sit in the manner required of light work. Another doctor concluded that Lazore could understand and follow simple directions, maintain attention and concentration, and perform simple tasks.

In addition to these medical findings, the ALJ considered Lazore's relative youth and his past relevant work experiences as a roofer, forklift operator, and welder/fabricator to conclude that while Lazore could not continue his past work, he was not materially restricted in engaging in "the full range of unskilled, light work." These factors supported the ALJ's conclusion that Lazore was not disabled within the meaning of the Act. We find that the ALJ based its decision on the substantial evidence in the record. See Zabala, 595 F.3d at 408.

-5-

Lazore argues that the ALJ failed to analyze his mental impairments under the "special technique" laid out in 20 C.F.R. § 404.1520a(c)(4).  While the ALJ did not explicitly discuss each of the four categories outlined in § 404.1520a(c)(4), we agree with the district court that, in light of the ALJ's extensive discussion of Lazore's mental limitations, such an omission was harmless.

We have considered Lazore's other arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK